PLG DAMAGE ATTORNEYS
VINIT R. VENKATESH, ESQ. (State Bar No. 367857)
2750 SW 145TH AVENUE #509
Miramar, Florida 33027
VV@PLGDAMAGE.COM

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Manuel Juarez**,**<br>individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br>vs.<br><br>Big 5 LLC,<br><br>Defendant. | Case No.:<br><br>**Complaint for Damages and Injunctive Relief for Violations of: 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1)**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Manuel Juarez ("Plaintiff") brings this class action against Big 5 LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's counsel.

**NATURE OF THE ACTION**

1. This putative class action arises from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), and the Federal Communications Commission ("FCC") regulations promulgated thereunder.

2. To advertise and promote its goods and services, Defendant transmitted, or caused to be transmitted, unsolicited telemarketing text messages to Plaintiff and other consumers, including multiple messages initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

3. Through this action, Plaintiff seeks injunctive relief, statutory damages, treble damages for

willful or knowing violations, costs, and such other relief as the Court deems just and proper.

## PARTIES

4. Plaintiff is a natural person, a citizen and resident of Los Angeles County, California, and a "person" entitled to bring this action under the TCPA.

5. Defendant, Big 5 LLC., is a Delaware Limited Liability Company that is authorized to do business in California.

6. Unless otherwise indicated, references to Defendant include its agents, employees, officers, members, directors, partners, subsidiaries, affiliates, predecessors, successors, assigns, principals, representatives, vendors, and all other persons or entities acting on its behalf.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA.

8. This Court has personal jurisdiction over Defendant, and venue is proper in this District because Defendant transacts business in this District, purposefully directed the telemarketing campaign at issue into this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

## STATUTORY AND REGULATORY BACKGROUND

### I. Telephone Consumer Protection Act (TCPA)

9. In 1991, Congress enacted the TCPA to address the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Section 227(c) of the TCPA directed the FCC to adopt rules protecting residential telephone subscribers' privacy rights and limiting unwanted telephone solicitations. 47 U.S.C. § 227(c)(1).

11. The FCC's regulations prohibit any person or entity from initiating a telephone solicitation to any residential telephone subscriber before 8 am and after 9 pm local time at the called party's location. and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1). 47 C.F.R. § 64.1200(e), the restrictions in § 64.1200(c) apply to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described by the FCC. 47 C.F.R. § 64.1200(e).

12. Under the TCPA, a text message qualifies as a "call." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

13. The FCC defines "telephone solicitation" to mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, but the term does not include a call or message sent with prior express invitation or permission, to a person with whom the caller has an established business relationship, or by or on behalf of a tax-exempt nonprofit organization. 47 C.F.R. § 64.1200(f)(15).

14. A person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c) may bring an action for injunctive relief and to recover actual monetary loss or up to $500.00 in damages for each violation, whichever is greater. 47 U.S.C. § 227(c)(5).

15. If the Court finds that the defendant willfully or knowingly violated the regulations prescribed under 47 U.S.C. § 227(c), the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount otherwise available. *Id.*

**FACTS**

16. Plaintiff is the regular user and subscriber of the wireless telephone number ending in 6042 (the "Subject Number"). Plaintiff uses the Subject Number only or primarily for personal, family, and household purposes, as Plaintiff's primary means of being reached at home, and as a replacement

for a traditional residential landline.

17. On or about December 28, 2025, at 7:24 PM, Plaintiff requested to opt-out of Defendant's text messages by replying with a stop instruction as reflected by the following screenshot.

*See Exhibit A.*

18. Defendant ignored Plaintiff's request and continued text messaging Plaintiff, as demonstrated by the above screenshot and the following screenshot. *See Exhibit A.*

19. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

20. As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact them anymore, but Defendant continued to text message Plaintiff.

21. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

22. True and correct copies of the messages are attached as Exhibit A and incorporated by reference.

23. The subject messages were not informational or transactional. Their purpose was to advertise, promote, and encourage the purchase of Defendant's goods and/or services.

24. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages.

25. Defendant sent at least two solicitations after Plaintiff's first opt-out request.

26. Plaintiff utilizes the cellular telephone that received Defendant's texts messages for personal

purposes and the number is Plaintiff's residential telephone line.

27. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

28. Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

**Proposed Class**

29. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and the following proposed class:

30. TCPA OPT OUT Class: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, Defendant, or anyone acting on Defendant's behalf, initiated more than one telephone solicitation text message within any twelve-month period to a wireless telephone number used by the called party as a residential line, where at least one such message was initiated after an opt out.

31. Plaintiff reserves the right to modify the class definition as discovery and further investigation may warrant.

32. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or control person of Defendant, and Defendant's officers, directors, agents, servants, employees, attorneys, and the immediate family members of such persons.

33. Upon information and belief, the members of the Class number at least in the dozens and likely

in the hundreds or thousands, making joinder impracticable. The identities of the Class members are presently unknown to Plaintiff but are ascertainable through Defendant's records and the records of Defendant's agents and vendors.

**Common Questions and Rule 23 Requirements**

34. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members, including whether Defendant initiated or caused to be initiated the challenged text messages; whether those messages constituted telephone solicitations or telemarketing; whether the messages were sent to wireless numbers used as residential lines; whether the messages were initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location; whether Defendant possessed prior express invitation or permission; whether Defendant had an established business relationship with the recipients; whether any nonprofit exemption applies; and whether Defendant is liable for damages and injunctive relief.

35. Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories.

36. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex litigation and TCPA class actions.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because the damages recoverable by individual class members are small compared with the burden and expense of individual litigation, and separate actions would risk inconsistent results and needlessly burden the courts.

**COUNT I**

**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

**(On Behalf of Plaintiff and the Class)**

38. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

1. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a

telemarketing call is made or an affiliated entity.

39. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

40. Plaintiff and the Class Members are residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its failure to honor opt-out requests.

41. Plaintiff and the Class members made requests to Defendant not to receive texts from Defendant.

42. Plaintiff and the Class Members revoked any consent they may have provided Defendant by responding with “stop” or similar opt-out instructions.

43. Defendant continued to text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

44. Defendant failed to honor Plaintiff’s and the Class members’ opt-out requests.

45. Defendant’s refusal to honor opt-out requests is indicative of Defendant’s failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

46. Plaintiff and the Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or text messages.

47. Plaintiff and the Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

48. Plaintiff and the Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call

list.

49. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

50. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

51. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

52. As a result of Defendant's knowing or willful conduct, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages per violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant and award the following relief:

a) An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

b) Statutory damages of up to $500.00 for each violation, or actual monetary loss, whichever is greater;

c) An award of treble damages for each willful or knowing violation;

d) Injunctive relief prohibiting Defendant from engaging in conduct that violates the TCPA, including initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location;

e) Costs, pre-judgment interest, and post-judgment interest as permitted by law; and

f) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff and the members of the Class hereby demand a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, electronically stored information, transmission logs, campaign reports, consent records, customer relationship data, vendor communications, and all other documents or data relating to the text messages and telemarketing practices alleged herein.

Dated: October 19, 2026

Respectfully Submitted,

/s/ Vinit R. Venkatesh, Esq.
Vinit R. Venkatesh, Esq.
Attorney Bar No: 367857
E-mail: vv@plgdamage.com
Phone: 305-506-4746
COUNSEL FOR PLAINTIFF

# EXHIBIT A

# ATTACH PHOTOS



















5:42
54106
Sat, Jun 20 at 9:05 AM
Big 5: Last 2 Days: 20% OFF storewide! Still need a Father's Day gift? Shop & save now > https://txts.ly/GrF4YQ
Sun, Jun 21 at 9:07 AM
FATHER'S DAY SALE
LAST CHANCE!
BIG 5 SPORTING GOODS
20% OFF STOREWIDE
REGULAR & CLEARANCE PRICED MERCHANDISE
HOW TO REDEEM
KS061226
Big 5 Sporting Goods: 🎁 Still need a Father's Day gift? Shop and save 20% OFF Regular and Clearance Prices. Click to get your coupon >> https://txts.ly/pzjsRQ
Fri, Jun 26 at 4:18 PM
Big 5: If it's been on your list...
deals thru 7/9 >
Text Message • SMS


5:43
54106
Fri, Jun 26 at 4:18 PM
Big 5: If it's been on your list... now's the time! Take 25% OFF one item + shop 4th of July deals thru 7/9 > https://txts.ly/69w57Q
Wed, Jul 1 at 1:04 PM
Big 5: 4th of July loading! 25% OFF one item = perfect excuse to grab what you need to celebrate: https://txts.ly/Qs4A8Q
Fri, Jul 3 at 9:17 AM
4TH OF JULY SALE
25% OFF
ANY ONE REGULAR PRICED ITEM
DISCOUNT APPLIED AT CHECKOUT IN-STORE
ONLINE - USE CODE: P062626
*EXCLUSIONS APPLY. ENDS 7/9/26.
Big 5: 4th of July sale is here!
25% OFF one item: [link]
Text Message • SMS


5:43
54106
Fri, Jul 3 at 9:17 AM
4TH OF JULY SALE
25% OFF
ANY ONE REGULAR PRICED ITEM
DISCOUNT APPLIED AT CHECKOUT IN-STORE
ONLINE - USE CODE: P062626
*EXCLUSIONS APPLY. ENDS 7/9/26.
Big 5: 4th of July sale is here! 😎Celebrate with sizzling deals for BBQs🍔Beach⛱ Backyard ➕ 25% OFF one item: [link] https://txts.ly/DZiT2Q
Tue, Jul 7 at 9:18 AM
Big 5 Sporting Goods: Weekend plans? We've got you! Take 25% OFF one item and get ready: https://txts.ly/7N9G0Q
Thu, Jul 9 at 9:16 AM
Big 5 Sporting Goods: LAST
25% OFF disappears tonight:
Text Message • SMS


5:43
54106
Thu, Jul 9 at 9:16 AM
Big 5 Sporting Goods: LAST DAY! Score that Summer splurge you've been eyeing >> 25% OFF disappears tonight: https://txts.ly/vd736Q
Sat, Jul 11 at 9:09 AM
BIG 5: Make a splash this pool season! Save $10 OFF $50+ on pool toys, floats, swim gear & more. Get your coupon > https://txts.ly/S9oVgR
Tue, Jul 14 at 9:05 AM
BIG 5: Everything you need for poolside fun! Save $15 OFF $60+ on swim gear, floats, toys & more. Get your coupon > https://txts.ly/bLSD9Q
Sat, Jul 18 at 9:07 AM
BIG 5: Sun, sand & savings! Get $10 OFF $50+ on beach essentials, coolers, chairs, umbrellas & more. Click for coupon:
Text Message • SMS
Fri, Jul 24 at 4:55 PM


5:43
54106
Sat, Jul 18 at 9:07 AM
BIG 5: Sun, sand & savings! Get $10 OFF $50+ on beach essentials, coolers, chairs, umbrellas & more. Click for coupon: https://txts.ly/TrSHaR
Fri, Jul 24 at 4:55 PM
Big 5: Exclusive Early Access. Save $20 on purchases of $100+ before everyone else! Get your coupon > https://txts.ly/PZ4ygR
Sat, Jul 25 at 9:13 AM
Big 5: Exclusive Early Access. Save $20 on purchases of $100+ before everyone else! Get your coupon > https://txts.ly/dPK9eR
Fri, Jul 31 at 10:34 AM
Big 5: Beat the Heat! Early access starts now: Save $10 OFF $50. Claim your coupon now >
Text Message • SMS
Fri, Aug 7 at 9:17 AM


5:43
54106
Fri, Jul 31 at 10:34 AM
Big 5: Beat the Heat! Early access starts now: Save $10 OFF $50. Claim your coupon now > https://txts.ly/uOrruR
Fri, Aug 7 at 9:17 AM
Big 5: Clearance Event Now On! Save up to 60% OFF. Clearance selection varies by store, so visit your local Big 5 for the best finds >> https://txts.ly/Dio9mR
Sat, Aug 8 at 9:14 AM
Big 5: 8/8 = $8 OFF $48. We did the math so you can do the saving. Get your coupon > https://txts.ly/7bkNoR
Fri, Aug 14 at 9:15 AM
Big 5: Back-to-School shopping starts here. VIPs get $15 OFF $60 before everyone else. Unlock your savings: https://txts.ly/yyBTDR
Text Message • SMS
Big 5: Act fast. Early access to


5:43
54106
Fri, Aug 14 at 9:15 AM
Big 5: Back-to-School shopping starts here. VIPs get $15 OFF $60 before everyone else. Unlock your savings: https://txts.ly/yyBTDR
Fri, Aug 21 at 12:14 PM
Big 5: Act fast. Early access to $20 OFF $100 is happening now. Shop before the offer ends and the savings disappear. > https://txts.ly/Qpl7IR
Fri, Aug 28 at 9:15 AM
Big 5: Beat the Labor Day crowds. Enjoy $50 OFF $200 with exclusive early access. Don't wait, this offer won't last long. > https://txts.ly/zq7dzR
Fri, Sep 4 at 9:54 AM
Big 5: A customer favorite has returned! Take $50 OFF $200 through 9/7 during our Labor
https://txts.ly/aNnuOR
Text Message • SMS


5:43
54106
Fri, Sep 4 at 9:54 AM
Big 5: A customer favorite has returned! Take $50 OFF $200 through 9/7 during our Labor Day event. Don't wait, get your coupon > https://txts.ly/aNnuOR
Sun, Sep 6 at 12:14 PM
Big 5: 2 Days Left! Take $50 OFF $200.
Don't miss this Labor Day savings event. Shop in-store or online before it's gone. Coupon >> https://txts.ly/OP5BPR
Thu, Sep 10 at 9:15 AM
Big 5: Want our Holiday Gift Guide delivered to your mailbox? Join our mailing list to receive your copy > https://txts.ly/Ffy2GR
Fri, Sep 11 at 9:15 AM
Big 5: Ace Your Shopping List. Take $10 OFF $50 on your next
Text Message • SMS


5:43
54106
Fri, Sep 11 at 9:15 AM
Big 5: Ace Your Shopping List. Take $10 OFF $50 on your next purchase at Big 5. Get your coupon > > https://txts.ly/xj4hHR
Fri, Sep 18 at 9:16 AM
Big 5: Hit a Savings Home Run! Get $10 OFF $50 on gear, footwear, apparel, and more. Get your coupon > > https://txts.ly/jYHfOR
Mon, Sep 21 at 9:14 AM
Big 5: Giveaway Alert! Enter our New Balance Run Ready Giveaway for a chance to score a pair of FuelCell Rebel v5 running shoes > https://txts.ly/wstOYR
Fri, Sep 25 at 9:14 AM
Big 5: Ready to save? Get $15 OFF $60 and shop the gear, shoes, and apparel you love. Claim your coupon and start
Text Message • SMS


5:43
54106
a pair of FuelCell Rebel v5 running shoes > https://txts.ly/wstOYR
Fri, Sep 25 at 9:14 AM
Big 5: Ready to save? Get $15 OFF $60 and shop the gear, shoes, and apparel you love. Claim your coupon and start shopping > https://txts.ly/Y2KL6R
Fri, Oct 2 at 9:14 AM
Big 5: We have a new look and big savings! Choose $10 OFF $50 or $20 OFF $100 and save your way this weekend. Get your coupon > https://txts.ly/91dveS
Today 9:15 AM
Big 5: $20 OFF $75 is yours. Shop thousands of items in-store or online and save on the gear you need this fall. Get your coupon now > https://txts.ly/a0IYDS
Text Message • SMS